**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES DAVIS, | CASE NO. CV-F-06-1216 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| vs. | |
| DR. RAMEN, et al., | [Doc. 14] |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court is plaintiff's motion for preliminary injunctive relief, filed October 27, 2006. Plaintiff seeks a preliminary injunction requiring defendants Ramen, Rangel, Solis and Johnson to provide his needed medication and to prohibit these defendants from retaliating against him for using the legal system.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

1  injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
2  merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
3  or questions serious enough to require litigation." Id.

4  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject
5  matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the
6  court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis
7  added). Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his
8  complaint contains cognizable claims for relief against the named defendants and the named defendants
9  have been served with the summons and complaint. At this juncture, plaintiff's motion for preliminary
10 injunctive relief is premature. Plaintiff may file another motion for preliminary injunctive relief at a later
11 stage. Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before
12 defendants are served with process in this case will be denied as premature.

13 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
14 preliminary injunctive relief, filed on October 27, 2006, be denied, without prejudice, as premature.

15 These Findings and Recommendations will be submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days
17 after being served with these Findings and Recommendations, plaintiff may file written objections with
18 the court. The document should be captioned "Objections to Magistrate Judge's Findings and
19 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
20 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 IT IS SO ORDERED.

22 Dated:   **November 3, 2006**           **/s/ Dennis L. Beck**
   3c0hj8                                  UNITED STATES MAGISTRATE JUDGE

2