# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. DAVIS, | CASE NO. CV-F-06-1216 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THIS ACTION PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| DR. RAMEN, et al., | (Doc. 12) |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 6, 2006 and an amended complaint on October 13, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Summary of Plaintiff's Complaint

The events at issue in this action occurred at Corcoran State Prison. Plaintiff names Dr. Ramen, S. Menafee; Sergeant Rangel, Deputy Director Cheryl Plier, Warden Adams, Nurse Solis, Nurse Johnson, Chief Medical Officer V. Sanchez, Associate Warden C. Gardemal and Chief Deputy Warden Lydia Hense as defendants. Plaintiff is seeking monetary and injunctive relief.

Plaintiff, who has been HIV/AID positive since 1997, was transferred to Corcoran State Prison from a medical facility on December 7, 2005. Plaintiff contends that he has been on HIV medication Viracept and Combivir since 1997. Plaintiff states that when he arrived at Corcoran, he had a 30 day supply of his medications. Plaintiff alleges that on December 22, 2005, he was sick and did not come down for medication. Plaintiff contends the the next day, defendants Solis and Johnson wrote a stop order for the medication. Two weeks later he saw defendant Dr. Ramen who would not reinstate his medications. Plaintiff alleges he is still without the medications prescribed to him at the prior institution, which he contends he needs to control his disease.

Plaintiff also alleges that he has been an insulin dependant diabetic for 9 years. Plaintiff states that Dr. Ramen took away his insulin upon his arrival at Corcoran. Plaintiff states that his blood sugar has been high since Dr. Ramen took away his insulin and put him on pills.

Plaintiff also alleges that prior to coming to Corcoran, he had a medical chrono for a lower bunk, a back board and soft shoes. Plaintiff asserts that upon arrival at Corcoran, Dr. Rangel invalidated this medical chrono and defendant Rangel took away his special shoes.

C.  Plaintiff's Claims

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has alleged sufficient facts to state Eighth Amendment claims against defendants Ramen, Rangel, Solis and Johnson. However, with regard to the remaining defendants, plaintiff has failed to link them to any specific conduct and therefore fails to state cognizable claims against them.

Plaintiff has failed to link defendants Menafee, Plier, Sanchez, Gardemal, Hense and Adams to any conduct resulting in the alleged violation of his constructional rights. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Because plaintiff has failed to link defendants Menafee, Plier, Sanchez, Gardemal, Hense and Adams with some affirmative act or omission, the Court recommends that these defendants be dismissed from this action.

Moreover, to the extent plaintiff has named these defendants based on their position as supervisors, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### D. Conclusion

The court finds that plaintiff's allegations are sufficient to give rise to cognizable claims for relief against defendants Ramen, Rangel, Solis and Johnson only. Accordingly, the Court recommends that this action proceed against these defendants only and that the remaining defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 8, 2006**              **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE