# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>RAMEN, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-01216-AWI-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>(Doc. 31)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE THIRD AMENDED COMPLAINT LODGED JUNE 26, 2008<br><br>(Doc. 32)<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION PROCEED ONLY ON COGNIZABLE CLAIMS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.     Order Granting Motion to Amend Complaint**

Plaintiff James L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 6, 2006. On November 8, 2006, the court screened plaintiff's original complaint, and issued a Findings and Recommendation that the action proceed only on plaintiff's cognizable Eighth Amendment claim. (Doc. 16). Plaintiff was subsequently granted leave to amend his complaint. On June 26, 2008, plaintiff filed a further motion to amend his complaint. (Doc. 31).

Plaintiff's motion to amend his complaint, filed June 26, 2008, is granted and the Clerk of the Court is directed to file the amended complaint lodged on June 26, 2008. This third amended

complaint is subject to the screening set forth below.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. Plaintiff's Lodged Amended Complaint

Plaintiff is currently housed at the California Men's Colony in San Luis Obispo, California. The events giving rise to the claims at issue in this action allegedly occurred at California Men's Colony and California State Prison - Corcoran, where plaintiff was formerly incarcerated. Plaintiff names Dr. Ramen, Correctional Sergeant V. Rangel, Correctional Nurse Clair Solis, Correctional Nurse Johnson, Warden Darrel Adams, Chief Medical Officer V. Sanchez, Associate Warden C. Gardemal, Deputy Chief Warden Lydia Hense, Facility Captain M. Hodges, Facility Captain C. Hall, Appeals Examiner J. Burleson, Teresa A. Schwartz, Correctional Officer Marks, Education Legal

Copy Person Ketcham, Education Legal Copy Person Sheevers, Education Supervisor Cornelius, Education Principle Robert Green, Warden John Marshall, and Sergeant Sanchez as defendants ("defendants").

Rule 8 of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Plaintiff's amended complaint is 42 pages long, not including exhibits, and is confusing and difficult to follow. Plaintiff's amended complaint is also full of legal jargon. The court will, to the best of its ability, screen plaintiff's amended complaint.

### A.     Plaintiff's Eighth Amendment Claims

Plaintiff, who has been HIV/AID positive since 1997, was transferred to Corcoran State Prison from a medical facility on December 7, 2005. Plaintiff contends that he has been on HIV medication Viracept and Combivir since 1997. Plaintiff states that when he arrived at Corcoran, he had a 30 day supply of his medications. Plaintiff alleges that on December 22, 2005, he was sick and did not come down for medication. Plaintiff contends the next day, defendants Solis and Johnson wrote a stop order for the medication. Two weeks later he saw defendant Dr. Ramen who would not reinstate his medications. Plaintiff alleges he is without the medications prescribed to him at the prior institution, which he contends he needs to control his disease.

Plaintiff also alleges that he has been an insulin dependant diabetic for 9 years. Plaintiff states that Dr. Ramen took away his insulin upon his arrival at Corcoran. Plaintiff states that his blood sugar has been high since Dr. Ramen took away his insulin and put him on pills.

Plaintiff also alleges that prior to coming to Corcoran, he had a medical chrono for a lower bunk, a back board and soft shoes. Plaintiff asserts that upon arrival at Corcoran, Dr. Ramen invalidated this medical chrono and defendant Rangel took away his special shoes.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has alleged sufficient facts to state Eighth Amendment claims against defendants Ramen, Rangel, Solis and Johnson.

B.   18 U.S.C. 241 and 18 U.S.C. 371 Conspiracy Claims

Plaintiff alleges that defendants are engaged in a conspiracy to deprive him of his medication, health and civil rights, in retaliation for filing a separate civil rights action, Case No. 2:04-cv-01390. Plaintiff states that Case No. 2:04-cv-01390 concerned the unlawful collection of debts by the C.D.C.R., amounting to billions of dollars defrauded from debtors. Plaintiff alleges that defendants have done so by enacting unconstitutional laws, rules, and regulations. Plaintiff states that the victims in his "cases" have not received restitution that was taken from him. Plaintiff alleges violations under 18 U.S.C. 241 (1994), 18 U.S.C. 371, and 18 U.S.C. 1961-1968 (1994).

Title 18 of the United States Codes sets out federal crimes and civil procedure. 18 U.S.C. §241 discusses conspiracies against constitutional rights;   18 U.S.C. §371 discusses conspiracies to commit offenses or to defraud the United States; and 18 USC §1961 is the Racketeer Influenced and Corrupt Organizations ("RICO") statute.

No private cause of action exists under 18 U.S.C. §241, and it provides no basis for civil

4

liability. Aldabe v. Aldabe, 616 F. 2d 1089, 1092 (9th Cir. CA, 1980), Agnew v. City of Compton, 239 F. 2d 226, 230 (9th Cir CA, 1956) (overruled on other grounds). Nor does 18 U.S.C. §371 contain a private right of action. Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F. Supp. 2d 17 (D.D.C., 2003); see also Dugar v. Coughlin, S.D.N.Y. 1985, 613 F. Supp 849 (holding that prisoner could not sue directly under 18 U.S.C. §371 nor use that statute as a predicate for an action under 42 U.S.C § 1983). Plaintiff cannot bring a private cause of action under either of these two statutes, as he is attempting to do here.

        C     Racketeer Influenced and Corrupt Organizations Act

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961-1968 allows a private citizen to sue to recover treble damages for injury "by reason of a violation of section 1962", which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. 18 U.S.C. §1962. A violation of section 1962(c) requires 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S.479, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985). Furthermore, the plaintiff must actually be injured by the conduct which purportedly violates 18 U.S.C. §1962. Sedima at 496. Plaintiff alleges a violation of 18 U.S.C. 1962(c).

The RICO statute enumerates specific acts which constitute predicate acts to satisfy the racketeering activity element. 18 U.S.C. §1961(1). In the present case, plaintiff's RICO allegation is confusing at best. It appears that plaintiff alleges that defendants obstructed his access to the courts by not answering his 602 appeals and by denying him meaningful access to the courts in order to change the judicial determinations of the court, so that defendants could effectively stop his litigation in federal court, and to retaliate against plaintiff pursuing his First Amendment rights. Plaintiff asserts that this demonstrates a pattern of racketeering activity. However, plaintiff then alleges that defendants and the State Legislature enacted unconstitutional laws, rules or regulations in order to collect an unlawful debt from each and every person in the state.

In pleading a RICO violation, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face...and [the facts] must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1974 (2007). In the present case,

although plaintiff states that defendants or CDCR violated 18 U.S.C.§1962(c), it is not even clear what the basis is for his allegation.

First, plaintiff's allegations that defendants denied him meaningful access to the law library, and failed to answer his prison grievances, which plaintiff alleges resulted in judicial determinations favorable to defendants are not enumerated predicate acts within the meaning of 18 U.S.C. §1961 and may not serve as a basis for liability. Thus plaintiff fails to allege a necessary element of a RICO violation.

An alternative to proving a pattern of racketeering activity is to prove that the enterprise acquired or operated by means of an unlawful debt. 18 U.S.C§ 1961(6) defines an unlawful debt as "a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate." In the present case, plaintiff fails to sufficiently allege that defendants or CDCR or the State Legislature - whoever plaintiff alleges was involved - operated by means of an unlawful debt as so defined in 18 U.S.C. §1961(6).

Plaintiff fails to state a claim for relief that is plausible on its face or that raises a right to relief above a speculative level. <u>Bell Atlantic</u>.

    D.  <u>Access to the Courts Claim</u>

Plaintiff alleges that defendants have denied him meaningful access to the courts over the last ten months. Plaintiff alleges that as a result, he was unable to file an appeal in a criminal matter to the U.S. Supreme Court.

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).

6

Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354, 116 S.Ct. at 2181. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355, 2182. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354, 2181-82 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355, 2182 (emphasis in original).

To the extent that plaintiff is alleging a section 1983 access to the courts claim separate from his conspiracy allegations discussed above, he is advised that the Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

As plaintiff was previously informed, section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person

7

'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff names nineteen defendants in his amended complaint, and it is not clear to the court whom of the nineteen plaintiff alleges impeded his access to the courts. Plaintiff's amended complaint is difficult to follow because he continually amends his complaint by inserting new pages with new allegations against new defendants, to the point where it is no longer clear who and how each defendant acted to violate his constitutional rights.[1] Plaintiff fails to link the actions of specific defendants to the deprivation suffered by plaintiff, and therefore fails to state a cognizable claim for denial of access to the courts.

      E.    Retaliation

Plaintiff alleges that defendants are retaliating against him for filing a civil rights action, case number 2:04-cv–1390 LKK EFB. (Lodged Amended Comp, p.6). Plaintiff alleges that he has been denied his HIV/AIDs drugs and treatment, and that his insulin for his diabetes has been decreased, in retaliation for exercising his First Amendment rights.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

---

[1] A review of the court record reveals that plaintiff filed amended complaints on November 20, 2006, and again August 31, 2007. (Docs. 21, 27). Further amended complaints were lodged with the court on June 25, 2008 and June 26, 2008. (Docs. 30 and 32). The court is presently screening plaintiff's amended complaint lodged June 26, 2008.

1  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
2  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance
3  a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).
4        Plaintiff's retaliation claim is difficult to follow because he fails to link the actions of specific
5  defendants to the alleged retaliatory conduct. Throughout his lodged amended complaint plaintiff
6  alleges that "defendants" or the CDCR organization are retaliating against him. Plaintiff's failure
7  to link the alleged retaliatory conduct to particular defendants is problematic because 1) he has
8  named so many defendants in his lodged amended complaint, including several defendants who do
9  not appear to be involved at all with plaintiff's medical care and 2) his lodged amended complaint
10 alleges violations of his rights for conduct spanning over a three year period and occurring at
11 different correctional facilities. Plaintiff was previously informed that he must link each named
12 defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal
13 rights. (Doc. 16, p.4). Plaintiff fails to state a cognizable claim for retaliation.

      F.    Claims against Defendants Sanchez, Marks, Ketcham, Sheevers, Cornelius, Green, Marshall.

16       Plaintiff alleges that on December 28, 2007 he was transferred from Corcoran State Prison
17 to California Mens Colony. Plaintiff alleges that he encountered defendants Sanchez, Marks,
18 Ketcham, Sheevers, Cornelius, Green, Marshall at California Men's Colony, and that each of these
19 defendants acted in a manner that violated his civil rights.
20       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
21 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
22 confined in any jail, prison, or other correctional facility until such administrative remedies as are
23 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
24 administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney
25 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief
26 sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.
27 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating
28 to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).

Plaintiff filed this action September 2006. The actions giving rise to his claims as alleged in his lodged amended complaint against defendants Sanchez, Marks, Ketcham, Sheevers, Cornelius, Green, and Marshall arose after plaintiff filed suit. Because it is clear from the face of plaintiff's lodged amended complaint that he did not exhaust the available administrative remedies prior to filing suit, his claims against defendants Sanchez, Marks, Ketcham, Sheevers, Cornelius, Green, and Marshall must be dismissed. 42 U.S.C. § 1997e(a).

**IV.     Conclusion and Order**

Plaintiff's amended complaint, lodged June 26, 2008, states a claim under the Eighth Amendment against defendants Ramen, Rangel, Solis and Johnson, but fails to state a claim against the remaining defendants. The court previously advised plaintiff that section 1983 claims require an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff, but plaintiff's amended complaint still contains linkage deficiencies. (Doc. 16). Plaintiff also alleges violations of various federal crimes statutes that do not provide for

a private cause of action, and alleges a RICO violation without enough facts to state a claim for relief that is plausible on its face or that raises a right to relief above the speculative level. <u>Bell Atlantic</u>. Plaintiff has already filed three amended complaints in this action.

For all these reasons, the court recommends that plaintiff not be given further leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

Accordingly, the court HEREBY RECOMMENDS that:

1. This action be dismissed against defendants Adams, V. Sanchez, C. Gardemal, Hense, M. Hodges, C. Hall, J. Burleson, and Teresa A. Schwartz for failure to state a claim upon which relief may be granted;

2. This action be dismissed against defendants Sergeant Sanchez, Marks, Ketcham, Sheevers, Cornelius, Green, Marshall, all at California Men's Colony, for failure to exhaust administrative remedies prior to filing suit; and

3. This action proceed only against defendants Ramen, Rangel, Solis and Johnson for violation of Plaintiff's Eighth Amendment rights.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 20, 2008**           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE