# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. DAVIS, | CASE NO. 1:06-cv-01216-AWI-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| v. | |
| RAMEN, et al., | (Docs. 54, 56) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |
| / | |

## Findings and Recommendation

Plaintiff James L. Davis ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Ramen, Rangel, Solis, and Johnson. On December 21, 2009, Plaintiff filed a motion for preliminary injunctive relief.[1]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. <u>Sierra On-line, Inc. v. Phoenix Software,</u>

---

[1] It is unclear if Plaintiff served defendants with this motion. The Court will nonetheless consider the motion.

1

| | |
|---|---|
| 1 | Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). |
| 2 | Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court |
| 3 | must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, |
| 4 | 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation |
| 5 | of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the court does |
| 6 | not have an actual case or controversy before it, it has no power to hear the matter in question. |
| 7 | Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal |
| 8 | jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to |
| 9 | determine the rights of persons not before the court." Zepeda v. United States Immigration |
| 10 | Service, 753 F.2d 719, 727 (9th Cir. 1985). |

Plaintiff requests injunctive relief at the California Men's Colony in San Luis Obispo, California. This Court does not have jurisdiction over that prison or any individuals who work at that prison because they are not a party to this action. The Court cannot determine the rights of persons not before it. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed December 21, 2009, is DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 1, 2010          /s/ Dennis L. Beck
                                 UNITED STATES MAGISTRATE JUDGE