# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RAMEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01216-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION FOR INJUNCTIVE RELIEF<br><br>and<br><br>ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINES<br><br>(Doc. 47)<br><br>OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE WITHIN 30 DAYS |

Plaintiff James L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 16, 2009, Plaintiff filed a motion requesting an order from the Court directing prison officials at the California Men's Colony in San Louis Obispo ("CMC-SLO") to return Plaintiff's legal property back to him. (Doc. #47.) Plaintiff's motion also seeks a modification of the Court's scheduling and discovery order.

**I.　Discussion**

　　**A.　Preliminary Injunction**

Plaintiff seeks an order from the Court directing warden John Marshall and his subordinates at CMC-SLO to return Plaintiff's legal property back to him and provide Plaintiff with fifteen (15) hours of access to the law library per week. Plaintiff is seeking preliminary injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily

favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Pursuant to Federal Rule of Civil Procedure 65(d)(2), an order for injunctive relief issued by the Court may only bind: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in (A) or (B). Here, the prison officials at CMC-SLO are not parties to this action. This action proceeds against Defendants Ramen, Rangel, Solis, and Johnson, employees at Corcoran State Prison, for incidents that occurred at Corcoran State Prison. Plaintiff offers no persuasive evidence to suggest that the prison officials at CMC-SLO are in active concert or participation with the Defendants in this action, aside from Plaintiff's conclusory allegation that there is an ongoing conspiracy within the California Department of Corrections and Rehabilitation to violate Plaintiff's civil rights. Plaintiff's conclusory allegations, unsupported by any evidence, are not sufficient to justify the extraordinary and drastic remedy of a preliminary injunction.

Accordingly, the Court lacks jurisdiction to grant Plaintiff's motion for injunctive relief. See Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1984) (federal court may only issue injunction if it has personal jurisdiction over the parties; it may not attempt to determine the rights of persons not before the court). The Court will recommend that Plaintiff's motion for preliminary injunctive relief be denied.

### B. Modification of Scheduling and Discovery Order

Plaintiff seeks an extension of the deadlines set forth in the scheduling and discovery order. Plaintiff filed his motion on November 16, 2009. The deadline for the completion of all discovery is June 9, 2010 and the deadline for filing pre-trial dispositive motions is August 18, 2010. While the deadline for amending the pleadings (April 9, 2010) has passed, Plaintiff has expressed no intention to file any amended pleadings. Since requesting an extension of the discovery deadlines, Plaintiff has filed numerous interrogatories, requests for documents, and motions to compel.

Federal Rule of Civil Procedure 16(b) provides that a scheduling order can only be modified for good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. Id. (quoting Fed. R. Civ. P. 16 advisory committee's notes). It is not yet clear that Plaintiff will be unable to meet the deadlines set forth in the scheduling and discovery order. Thus, Plaintiff's request for a modification of the scheduling and discovery is premature. At the time Plaintiff filed his request for an extension, the relevant deadlines were months away. Plaintiff has not identified any specific discovery request, response, or motion that he is unable to prepare within the current deadlines. Therefore, the Court will deny Plaintiff's motion without prejudice. Plaintiff may re-file motions requesting extensions of time as those deadlines become imminent.

## II. Conclusion

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion requesting extension of the discovery deadlines is DENIED, without prejudice.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive

1 relief be DENIED.

2     These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 3, 2010**              **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE