# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. DAVIS, | CASE NO. 1:06-cv-01216-AWI-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 52, 58, 60, 64, 66) |
| RAMEN, et al., | |
| Defendants. | |

Plaintiff James L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are five motions from Plaintiff.

**I.   Discussion**

    **A.   Plaintiff's Motions to Compel**

On December 11, 2009, Plaintiff filed a motion to compel. (Doc. #52.) Plaintiff complains that Defendants have failed to respond to Plaintiff's interrogatories and requests for production of documents. Defendants filed an opposition to Plaintiff's motion to compel on December 28, 2009. (Doc. #57.) Defendants argue that Plaintiff's motion is premature because Defendants requested an extension of time to respond to Plaintiff's interrogatories and requests for production of documents. Plaintiff filed a second motion to compel on January 11, 2010 complaining about Defendants' lack of response. (Doc. #58.) Plaintiff filed a third motion to compel on January 22, 2010. (Doc. #60.) Plaintiff's motions to compel do not appear to raise any objections to Defendants' responses to Plaintiff's discovery requests. Rather, it appears all three of Plaintiff's motions to compel were filed

1

before Defendants responded to Plaintiff's discovery requests. Upon review of the docket, Defendants requested an extension of time to respond to Plaintiff's discovery requests on November 25, 2009. (Doc. #49.) The Court granted Defendants' request nunc pro tunc on February 2, 2010. (Doc. #61.) Defendants' responses were therefore timely. Plaintiff's motions to compel will be denied.

### B. Plaintiff's February 8, 2010 Motion for Subpoena Duces Tecum

Plaintiff's motion requests a subpoena duces tecum form "so I can fill it out and have it served." Plaintiff is advised that there is no specific form for requesting a subpoena duces tecum. Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Plaintiff must draft and file a motion requesting the Court to issue a subpoena duces tecum to compel a nonparty to produce documents or other tangible things. Plaintiff is proceeding in forma pauperis and is therefore entitled to have a U.S. Marshal effect service of any subpoena duces tecum issued by the Court. 28 U.S.C. § 1915(d). If Plaintiff wishes to make a request for the issuance of a subpoena duces tecum, he must file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party. Plaintiff has not identified what documents he seeks or who has those documents. Accordingly, Plaintiff's motion will be denied. The Court will provide Plaintiff with a copy of Federal Rule of Civil Procedure 45.

### C. Plaintiff's February 22, 2010 Motion for Sanctions

Plaintiff seeks sanctions against Defendants under Federal Rule of Civil Procedure 30(d)(2). Plaintiff claims that Defendants' attorney, Ms. Hung, impeded and/ or delayed the examination of Mrs. Johnson and Sgt. Rangel during their "disposition." Rule 30(d)(2) provides for sanctions against a person who impedes, delays, or frustrates a <u>deposition</u>. While the Court would normally construe Plaintiff's motion liberally and presume that Plaintiff's references to "dispositions" actually mean "depositions," Defendants' opposition claims that no depositions have been taken in this case. Plaintiff alleges that "[a] copy of disposition [sic] is attached to this motion." Plaintiff has attached Defendants response to Plaintiff's <u>interrogatories</u> to his motion, leading the Court to believe that

///

2

Plaintiff's references to "dispositions" actually refer to Plaintiff's interrogatories and Defendants' response to those interrogatories.

### 1. Mrs. Johnson's "Disposition"

Plaintiff complains that Ms. Hung intentionally provided the "disposition" (interrogatories) to the wrong person, Mrs. Johnson. Although Plaintiff complains that Ms. Hung engaged in misconduct by having the wrong person respond to Plaintiff's interrogatories, the nature of Plaintiff's complaint is unclear. Plaintiff complains "[t]hat it was obvious from the first could [sic] of questions Mrs. Hung had the wrong Mrs. Johnson, but she (Mrs. Hung), delibertly [sic] with willful intent, chooses to apply in this case a dishonest form of trickery . . . " The Court has reviewed the responses to Plaintiff's interrogatories and it is unclear how Mrs. Johnson was the wrong person, and Plaintiff provides no explanation as to how it is clear that the wrong person responded to Plaintiff's interrogatories.

### 2. Verification, Oath and Signatures

Plaintiff also complains that Ms. Hung did not give Sgt. Rangel's "disposition" under oath and there is no signed verification that his "disposition" was taken under oath. Defendants' responses to Plaintiff's interrogatories are governed by Rule 33, not Rule 30. Rule 33 requires that answers to interrogatories must be answered under oath and must be signed by the person who makes the answers. Federal Rule of Civil Procedure 33(b)(3), (5). Defendants have presented copies of the answers to the interrogatories, which include verifications signed by the Defendant answering the interrogatories declaring that the answers are given under penalty of perjury. The Court will provide Plaintiff with a copy of Federal Rule of Civil Procedure 33.

Plaintiff complains that "[n]one of the dispositions taken by Attorney Hung of the defendants are witnessed by Mrs. Hung as proof she conducted the dispositions, or a [sic] assistant did." Rule 33 contains no requirement that the answers to the interrogatories must be "witnessed" by the answering party's attorney. Rule 33 does require that an attorney making any objections to the interrogatories must provide a signature for those objections. Federal Rule of Civil Procedure 33(b)(5). Ms. Hung has signed all the responses to Plaintiff's interrogatories.

///

### 3. **False Evidence**

Plaintiff also complains about the fact that "[t]he document [Defendant Rangel] provided to send my shoes home was not the same as I signed it at the time, it said nothing about the brand of shoes, which was the wrong brand of shoes anyway. He falsified documents in evidence as true which are false. A copy of his disposition is attached." Plaintiff's complaint is unclear. Plaintiff is advised that if Defendants have made false statements in documents, Plaintiff may rebut Defendants' evidence with evidence of his own in a motion for summary judgment or at trial.

### 4. **Document Production Requests**

Finally, Plaintiff complains that he received "mostly none" of the documents that he requested in his October 23, 2009 first request for production of documents. To the extent that Plaintiff is challenging Defendants' objections to Plaintiff's requests for production of documents, Plaintiff is advised that he must raise his arguments in a motion to compel under Rule 37. Before filing a motion to compel, Plaintiff must make a good faith effort to meet and confer with Defendants regarding any disputes about Defendants' responses. Federal Rule of Civil Procedure 37(a)(1). Plaintiff must also identify the specific document production request that is in dispute and provide arguments as to why Defendants' objections to that request are unjustified. The Court will provide Plaintiff with a copy of Federal Rule of Civil Procedure 37.

### 5. **Other Arguments**

Plaintiff makes further arguments regarding the propriety of sanctions, such as the fact that prison officials at the prison where he is currently incarcerated are depriving him of his property. Plaintiff is not incarcerated at the same institution where he was incarcerated during the events described in his complaint, and the correctional officers at his current institution are not parties to this action. Plaintiff also alleges that he filed criminal complaints against the Office of the Attorney General, cites various provisions of California penal law, and makes several arguments about this Court's subject matter jurisdiction over "[Plaintiff's] right to litigate issues of constitutional magnitude with the Court." It is unclear how Plaintiff's incoherent arguments are relevant to the matter of discovery sanctions against the Defendants in this action.

///

**II.     Conclusion and Order**

Based on the foregoing analysis, the Court HEREBY ORDERS that:

1. Plaintiff's motions to compel, filed on December 11, 2009, January 11, 2010, and January 22, 2010, are DENIED;

2. Plaintiff's motion for a subpoena duces tecum, filed on February 8, 2010, is DENIED;

3. Plaintiff's motion for sanctions, filed on February 22, 2010, is DENIED; and

4. The Clerk's Office is directed to send Plaintiff a copy of Federal Rules of Civil Procedure 33, 37 and 45.

IT IS SO ORDERED.

**Dated:    May 10, 2010**                        /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE