# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES L. DAVIS,                        CASE NO. 1:06-cv-01216-AWI-SKO PC

               Plaintiff,             ORDER RE MOTION

     v.                           (Doc. 76)

RAMEN, et al.,

               Defendants.

_____/

Plaintiff James L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 8, 2010, Defendants filed a motion requesting the Court to compel Plaintiff's appearance at his deposition.  Defendants note that Plaintiff refused to appear at a previously scheduled deposition and request that sanctions be imposed on Plaintiff.  Defendants also request the Court to extend the deadlines for the completion of discovery and the filing of dispositive motions because of the delays caused by Plaintiff.

Defendants claim that Plaintiff is housed at the California Men's Colony in San Luis Obispo. Plaintiff was scheduled to be deposed on June 2, 2010 and did not notify Defendants regarding any objections to the date, time or location of the deposition until the day of his deposition.  On the morning of June 2, 2010, Plaintiff handed a one-page document to the litigation coordinator at the California Men's Colony in San Luis Obispo stating that Plaintiff refused to participate in the deposition because he was dissatisfied with the Court's May 11, 2010 order denying Plaintiff's motions to compel.  Defendants promptly filed this motion with the Court after Plaintiff failed to appear at his duly-noticed deposition.

1

## I. **Discussion**

Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), the Court may impose sanctions against Plaintiff for failing to appear at his deposition. The types of sanctions contemplated by that rule are described in Federal Rule of Civil Procedure 37(d)(3), which states that "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" and "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The Court finds that Plaintiff's failure to attend his deposition was not substantially justified and there are no circumstances that would make an award of expenses unjust. In the notice that Plaintiff provided the morning of his deposition, Plaintiff states that he objects "to all dispositions[sic] on the grounds that I've been denied all relevant discovery in this case by defendants and their attorney, and, . . . the judge." (Decl. of Ellen Y. Hung in Supp. of Mot. to Compel Pl.'s Deposition and Sanctions, and to Modify the Scheduling Order Ex. B, ECF No. 76.) Plaintiff accuses the Court of placing itself "in an adversarial position with respect to plaintiff" and "on these above grounds [Plaintiff] refuse[s] to give any farther[sic] disposition[sic]." (Id.) Notably, Plaintiff has failed to provide any indication as to how the Court's order was erroneous. Instead of filing a motion reconsideration to challenge the Court's order, Plaintiff has simply refused to participate in the discovery process. Plaintiff has also failed to file an opposition or statement of non-opposition to Defendants' motion currently before the Court, as required by Local Rule 230(l).

Defendants have stated that a second deposition will be scheduled as soon as reasonably possible. The Court will order Defendants to schedule and conduct the deposition within 30 days of the date of service of this order, or show good cause why this thirty-day deadline should be extended. If Plaintiff fails to attend the second scheduled deposition and his failure to attend is not substantially justified, this action will be dismissed as a sanction against Plaintiff for failing to participate in discovery.

Pursuant to Rule 37(d)(3), the Court must also order Plaintiff to pay all reasonable expenses incurred by Plaintiff's failure to attend his deposition. Defendants state that the expenses are

undetermined at this time because the court reporter's invoice is not yet available.  The Court will order Defendants to submit an accounting of all reasonable expenses associated with Plaintiff's failure to attend his deposition, which may include the cost of scheduling and arranging the deposition and the costs incurred in preparing the motion presently before the Court.

Defendants also request that the Court modify the current schedule to accommodate the delay caused by Plaintiff's failure to attend his own deposition.  The Court will extend Defendants' deadline for conducting discovery and filing dispositive motions to thirty days after Plaintiff's second scheduled deposition.  Thus, after Defendants conduct Plaintiff's deposition, they will have thirty days to conduct any additional discovery and file any motions to compel.  This order in no way affects Plaintiff's deadlines for conducting discovery or for filing dispositive motions.

**II.    Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS that:

1.    Defendants' motion to compel Plaintiff's attendance at his deposition is GRANTED;

    a.    Defendants are granted thirty (30) days from the date of service of this order to schedule and conduct Plaintiff's deposition;

    b.    Plaintiff shall attend his next properly scheduled deposition and is warned that the failure to attend his deposition will result in dismissal of this action if his absence is not substantially justified;

2.    Defendants' motion for monetary sanctions against Plaintiff is GRANTED;

    a.    Defendants shall submit an accounting of all reasonable expenses to Plaintiff and to the Court within thirty (30) days of the date of service of this order;

    b.    Plaintiff shall pay Defendants all reasonable expenses caused by Plaintiff's failure to attend his June 2, 2010 deposition; and

///
///
///
///
///

3.       Defendants' motion to modify the discovery schedule is GRANTED.  Defendants'
deadline for conducting all discovery and for filing dispositive motions is extended
to thirty (30) days after the date of Plaintiff's deposition.

IT IS SO ORDERED.

**Dated:     August 10, 2010**                          /s/ **Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE

4