1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   JAMES L. DAVIS,                                          CASE NO. 1:06-cv-01216-AWI-SMS PC

10                              Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION FOR
                                                            A WRIT OF MANDATE AND MOTION FOR
11          v.                                              RECUSAL

12   RAMEN, et al.,                                         (ECF Nos. 98, 106)

13                              Defendants.                 ORDER   ADDRESSING    PLAINTIFF'S
                                                            OPPOSITION  TO  DEFENDANTS'  MOTION
14                                                          FOR AN EXTENSION OF TIME

15   _____/  (ECF No. 104)

16

17          Plaintiff James L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the

19   third amended complaint, filed August 21, 2008, against Defendants Ramen, Rangel, Solis, and

20   Johnson for deliberate indifference to serious medical needs in violation of the Eighth Amendment

21   rights.  Plaintiff filed an emergency petition for a writ of mandate on January 19, 2011.  (ECF No.

22   98.)  On February 18, 2011, the Court granted Defendants' motion for an extension of time to file

23   a reply in support of their motion for summary judgment.  (ECF No. 101.)  Plaintiff filed an

24   opposition to Defendants' motion for an extension of time on February 25, 2011.  (ECF No. 105.)

25   On March 14, 2011, Plaintiff filed a motion for recusal.  (ECF No. 106.)  On March 23, 2011, this

26   case was reassigned to the undersigned.  (ECF No. 108.)

27          Plaintiff's motions filed February 18, 2011, and March 14, 2011, both object to the

28   Honorable Sheila Oberto hearing this action.  Based upon the reassignment of this action to the

1

1    undersigned on March 23, 2011, Plaintiff's motions shall be denied as moot.

2          On February 16, 2011, Defendants filed a motion for a fifteen day extension of time to file

3    a reply to Plaintiff's opposition to the motion for summary judgment.  Defendants requested the

4    extension of time because the opposition that was received in the mail was not the document that

5    Plaintiff filed with the Court.  Defendants received a 72 page document entitled opposition to

6    summary judgment.  The proof of service was dated January 25, 2011,[1] but the envelope was

7    postmarked February 2, 2011.  The document was placed in defense counsel's mailbox on or around

8    February 7, 2011, however she was out of the office until February 14, 2011.  Additionally, the

9    document filed with the court is not the opposition served upon Defendants.  Plaintiff filed a 208

10   page document entitled traverse on February 4, 2011.  Because of these issues Defendants requested

11   an additional fifteen days to file their reply to Plaintiff's opposition.  The Court found good cause

12   and granted the motion.

13         Plaintiff objects to the "excessive use of extention [sic] of time."  (Opp. 1, ECF No. 104.)

14   Plaintiff states that he placed his opposition to the motion for summary judgment in envelopes and

15   mailed them on January 25, 2011.  (Id. at 2.)  Defense counsel did not leave the planet and she could

16   have been reached by a cell phone or pager by her office assistant.  Plaintiff contends that defense

17   counsel's excuse is improper, and states that defense counsel is lying when she claims that she did

18   not receive the same motion that was filed with the Court.  (Id. at 3.)

19         Initially, Plaintiff is advised that his unsupported allegations against defense counsel are

20   inappropriate.  The Court will not tolerate personal attacks upon opposing counsel and further similar

21   conduct may result in the imposition of sanctions.  Chambers v. NASCO, Inc., 401 U.S. 32, 43

22   (1991).  The Court found good cause based upon the delay in receipt of the documents and defense

23   counsel's representation that she did not receive the same document that was filed with the Court.

24   The Court notes that defense counsel only requested a brief, fifteen day continuance, which is not

25   an excessive amount of time in the circumstances.

26

27         [1]Defendants' motion states that the proof of service was dated January 25, 2010, and the envelope was
28   postmarked eight days later on February 2, 2011.  Therefore, the Court assumes the date in the motion is an error and
     that the proof of service was dated January 25, 2011.

1    Accordingly, it is HEREBY ORDERED that:

2        1.    Plaintiff's emergency petition for writ of mandate, file January 19, 2011, is DENIED

3              as moot; and

4        2.    Plaintiff's motion for recusal, filed March 14, 2011, is DENIED as moot.

5

6

7

8   IT IS SO ORDERED.

9   **Dated:    June 1, 2011**                              **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28