# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. DAVIS, | CASE NO. 1:06-cv-01216-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S |
| v. | MOTION FOR A PRELIMINARY INJUNCTION |
| RAMEN, et al., | (ECF No. 116) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff James L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed August 21, 2008, against Defendants Raman, Rangel, Solis, and Johnson for deliberate indifference to serious medical needs in violation of the Eighth Amendment rights while Plaintiff was incarcerated at Corcoran State Prison. On June 9, 2011, findings and recommendations issued recommending granting Defendants' motion for summary judgment. On June 30, 2011, Plaintiff filed a motion for a thirty day extension of time to file an objection and for a preliminary injunction mandating he be allowed access to the law library and legal copies. On July 5, 2011, Plaintiff's request for a thirty day extension of time was granted.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An

1  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376
2  (citation omitted) (emphasis added).

3  Federal courts are courts of limited jurisdiction and in considering a request for preliminary
4  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
5  it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
6  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
7  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or
8  controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective
9  relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
10 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary
11 to correct the violation of the Federal right, and is the least intrusive means necessary to correct the
12 violation of the Federal right."

13 Plaintiff is currently incarcerated at California State Prison, Sacramento.  The case or
14 controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in
15 his motion bears no relation, jurisdictionally, to the past events at Corcoran State Prison giving rise
16 to this suit.  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst.,
17 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118
18 S.Ct. 1003 (1998). Because the case-or-controversy requirement cannot be met, the pendency of *this*
19 action provides no basis upon which to award Plaintiff injunctive relief.  Id.  The only relief available
20 to Plaintiff in this action, should he prevail, is money damages for the past violation of his
21 constitutional rights while housed at Corcoran State Prison.

22 Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary
23 injunction, filed June 30, 2011, be DENIED.

24 These findings and recommendations will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
26 days after being served with these findings and recommendations, the parties may file written
27 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **July 5, 2011**                              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE